UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| SCOTT M. CARLSEN, SR., | ) | No. 12 B 18047 |
| | ) | |
| Debtor. | ) | |

### FINAL PRETRIAL ORDER

This matter is set for hearing at the United States Courthouse, 219 South Dearborn Street, Courtroom 613, Chicago, Illinois, on March 7, 2013, at 9:30 a.m. on debtor Scott Carlsen's objection to the claim of Catherine Carlsen. At the court's discretion, the hearing will continue from day to day until completed. Unless modified by the court, the following provisions will govern the course of proceedings in this case.

**1. Issues and Burdens at the Hearing.** Catherine Carlsen has filed a claim for $24,881.00, of which $13,798.55 is designated as a priority claim – presumably because she contends that portion is a "domestic support obligation" entitled to priority under 11 U.S.C. § 507(a)(1).

The court has already reached certain preliminary rulings which were expressed on the record in court on February 1, 2013. They are:

(1) Catherine has no claim for unpaid child support accruing before the sale of the marital residence because the marital settlement agreement provided that child support payments would not begin until the marital residence was sold.

(2) Catherine has a claim for thirteen months of unpaid pre-petition mortgage payments because paragraph 11.A of the marital settlement agreement required Scott to make the mortgage

payments, and he admits he stopped making them in April 2011.

(3) Catherine has no claim for attorney's fees under paragraph 22 of the marital settlement agreement merely because Scott failed to perform "necessary acts."

These rulings leave at least the following issues for hearing:

(1) Whether Catherine has any claim for unpaid child support, given the alleged sale of the marital residence on September 9, 2012, and Scott's contention that he has made all child support payments since then.

(2) Whether Catherine's claim for unpaid mortgage payments is a priority claim, because the payments constituted a "domestic support obligation," or a general unsecured claim – and what is the amount of the claim.

(3) Whether Catherine has a claim for attorney's fees under paragraph 22 of the marital settlement agreement because Scott failed to execute documents necessary under the marital settlement agreement itself, the only circumstance in which paragraph 22 authorizes attorney's fees.

Because a proof of claim is prima facie evidence of its validity, *see* Fed. R. Bankr. P. 3001(f), the burden of going forward at the hearing will fall on Scott, with the ultimate burden of proof always on Catherine. *In re Olde Prairie Block Owner, LLC*, 452 B.R. 687, 695 (Bankr. N.D. Ill. 2011).

**2. Continuances.** The hearing date is firm. No continuance of the hearing date will be granted other than for exceptionally good cause shown. Any motion for continuance must be presented, with proper notice, at least ten (10) days before the hearing date.

**3. Discovery.** No party has expressed a desire for discovery. Discovery is therefore

closed.

4. **Pleadings and Dispositive Motions.** No party has expressed a desire to file any dispositive motions.

5. **Exhibits and Exhibit Lists.** Fourteen (14) days before the hearing date, the parties must exchange copies of all exhibits to be introduced into evidence. Each proposed exhibit must be clearly numbered (not designated with a letter or other symbol) in the order of its probable presentation at trial. Each document must be given a separate exhibit number.

In addition to the exhibits, the parties must exchange a list of the numbered exhibits. Next to each exhibit a brief description of each exhibit must be provided.

Demonstrative exhibits that the parties intend to use at trial must also be marked, included on the exhibit lists, and exchanged twenty-one (21) days before the trial date.

The exhibit list must be filed with the court, and one (1) set of the exhibits and one (1) copy of the exhibit list must be submitted to chambers on the date the list is filed. *If a party lists more than ten (10) exhibits, the exhibits themselves must be submitted in one or more three-ring binders, and the exhibits must be tabbed. Group exhibits must be sequentially paginated by Bates stamp or some comparable method.*

If no written objection to an exhibit is filed with the court and tendered to the proponent within seven (7) days of the receipt of the proposed exhibit, the exhibit will be deemed admitted into evidence. A specific ground must be stated for each objection or the objection will be deemed waived. Demonstrative exhibits will be deemed admitted "as "demonstrative only."

6. **Witnesses and Witness Lists.** Fourteen (14) days before the hearing date, all parties must exchange and file with the court a list of all witnesses they intend to call at the hearing,

-3-

together with a brief description of the subject matter of the witness's testimony.

One (1) copy of the witness list must be submitted to chambers on the filing date.

7. **Trial Briefs.** Trial briefs are optional. Should a party choose to file a trial brief, the brief must be filed no later than seven (7) days before the hearing date. The page limit is fifteen (15) pages, unless the court orders otherwise. The brief should (1) describe what the party believes the evidence at the hearing will show, (2) identify the salient legal issues, and (3) provide a thorough and complete legal argument, with citations to relevant legal authorities, supporting the party's contentions on the merits.

8. **Compliance with this Order.** Failure to comply with this Order *will* result in the imposition of appropriate sanctions pursuant to Rule 16(f), Fed. R. Civ. P. 16(f) (made applicable by Fed. R. Bankr. R. Rule 7016). These include, but are not limited to, the following:

a.    Any exhibit not listed and exchanged in accordance with this Order will not be admitted into evidence. A party who fails to exchange and file the list of exhibits that this Order requires will be precluded from introducing any exhibits into evidence. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

b.    Any witness not identified and listed in accordance with this Order will be barred from testifying at trial. A party who fails to exchange and file with the court the list of witnesses that this Order requires will be barred from presenting any witnesses. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

Dated: February 4, 2013

A. Benjamin Goldgar
United States Bankruptcy Judge

-4-